**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| RICHARD JOHN WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-5138 (PGS) |
| | : | |
| v. | : | |
| | : | |
| OSCAR AVILES et al., | : | **MEMORANDUM OPINION** |
| | : | **AND ORDER** |
| Defendants. | : | |
| | : | |

It appearing that:

1.      On October 7, 2010, the Clerk docketed a civil complaint ("Class Complaint") that gave
        rise to the instant matter.  The Class Complaint named eight persons as plaintiffs in this
        matter, with Richard John Williams ("Williams") being named as the first plaintiff.  The
        Class Complaint referred to these eight individuals as self-designated representatives of a
        putative class of immigration detainees housed, together with pre-trial detainees and
        convicted individuals, at the Hudson County Correctional Center ("HCCC").  See Docket
        Entry No. 1.  The Class Complaint was signed solely by Williams, see id. at 15, arrived
        unaccompanied by Williams or any other plaintiff's in forma pauperis application (or by
        the applicable filing fee), and sought monetary damages and various forms of injunctive
        relief, the list of which took two pages.  See id. at 1, 13-14.

2.      This Court denied the putative class' application for certification.  See id., Docket Entry
        No. 3.  Since only Williams signed the Class Complaint, this Court reserved the instant

action for Williams and directed the Clerk to initiate new and separate matters for all

other individuals named as plaintiffs in this matter.  See id.  In no ambiguous terms, this

Court directed each of the named plaintiffs, Williams included, to submit, in their

individual actions, their in forma pauperis applications and amended complaints stating

their individual – rather than putative class' – challenges based on the events that,

allegedly, wronged each individual plaintiff.  See id.

3.      Although, pursuant to this Court's order, Williams had 45 days from the entry of that

order to submit his amended complaint stating William's *own* challenges, Williams

elected to re-submit, once again, the Class Complaint already dismissed by this Court.

See Docket Entry No. 4.

4.      As this Court already explained to Williams in its prior decision, Williams was

expected to state claims based on the events that wronged Williams personally, rather

than other individuals confined at the HCCC.  Under the "next friend" doctrine, standing

is allowed to a third person so this third person could file and pursue a claim in court on

behalf of someone who is unable to do so on his or her own.  The doctrine dates back to

the English Habeas Corpus Act of 1679 and provides a narrow exception to the "case or

controversy" requirement set forth in the Article III of Constitution.  See Whitmore v.

Arkansas, 495 U.S. 149, 154-55 (1990).  The Whitmore Court set out two requirements

that should be met by the one seeking to qualify for "next friend" standing: (1) "the 'next

friend' must be truly dedicated to the best interests of the person on whose behalf [(s)he]

seeks to litigate" (and it has been suggested that a "'next friend' must have some

significant relationship with the real party in interest"); and (2) "the 'next friend' must

provide an adequate explanation – such as inaccessibility, mental incompetence, or other disability – why the real party in interest cannot appear on his own behalf to prosecute the action." Id. at 163-64.   Since Witmore, the Supreme Court further elaborated the standing requirements of Article III in terms of a three-part test, i.e., whether the plaintiff can demonstrate his/her own injury in fact that is fairly traceable to the challenged actions of the defendant and likely to be redressed by a favorable judicial decision.  See Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102-103 (1998).  However, "the point has always been the same: whether a plaintiff 'personally would benefit in a tangible way from the court's intervention.'" Id., at 103 n. 5 (quoting Warth v. Seldin, 422 U.S. 490, 508 (1975)); see also, Sprint Communs. Co., L.P. v. APCC Servs., 554 U.S. 269, 301 (2008) (Roberts, J., dissenting) ("The absence of any right to the substantive recovery means that respondents cannot benefit from the judgment they seek and thus lack Article III standing.  Here, the bulk of Williams' Class Complaint recites the class allegations already dismissed by this Court.  However, Williams has no standing to pursue claims based on the events that, allegedly, wronged other inmates at the HCCC: indeed, there is no reason for this Court to presume these other inmates lack capacity to sue on their own,

5.     Another aspect that warrants clarification at this juncture appears to be the pleading standard, since Williams' re-submitted Class Complaint asserts, mainly, claims reduced to generalities and claims against officials acting in supervisory capacities.

It is long established that a court should "accept as true all of the [factual] allegations in the  complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d

3

902, 906 (3d Cir. 1997).  Nonetheless, the Third Circuit has noted that courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See Burlington Coat Fact. Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997). Therefore, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. See Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).  Addressing the clarifications as to the litigant's pleading requirement stated by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the Court of Appeals for the Third Circuit provided the district courts with guidance as to what pleadings are sufficient to pass muster under Rule 8.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  Specifically, the Court of Appeals observed as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' . . . ." Twombly, 127 S. Ct. at 1964-65 . . ."[T]he threshold requirement of Rule 8(a)(2) [is] that the 'plain statement [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" Id. at 1966. [Hence] "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965 & n.3.

Id. at 230-34 (original brackets removed).  This pleading standard was further refined by the United States Supreme Court in its recent decision Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> [In any civil action, t]he pleading standard . . . demands more than an unadorned ["]the-defendant-unlawfully-harmed-me["] accusation. [Twombly, 550 U.S.] at 555 . . . .  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [Id.] at 555.  [Moreover,] the plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully.  Id. [Indeed, even w]here a complaint pleads facts that are "merely consistent

4

with" a defendant's liability, [the so-alleging complaint still] "stops short of [showing] plausibility of 'entitlement to relief.'"  Id. at 557 (brackets omitted).  [A fortiori,] the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions [or to t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[, i.e., by] legal conclusion[s] couched as a factual allegation [e.g.,] the plaintiffs' assertion of an unlawful agreement [or] that [defendants] adopted a policy "'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." . . . . [W]e do not reject these bald allegations on the ground that they are unrealistic or nonsensical. . . .  It is the conclusory nature of [these] allegations . . . that disentitles them to the presumption of truth. . . . [Finally,] the question [of sufficiency of] pleadings does not turn [on] the discovery process. Twombly, 550 U.S.] at 559 . . . . [The plaintiff] is not entitled to discovery [where the complaint asserts some wrongs] "generally," [i.e., as] a conclusory allegation [since] Rule 8 does not [allow] pleading the bare elements of [the] cause of action [and] affix[ing] the label "general allegation" [in hope of developing actual facts through discovery].

Iqbal, 129 S. Ct. at 1949-54.

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was applied to federal complaints before Twombly.  See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).  Since Iqbal, the Third Circuit has instructed district courts to conduct, with regard to Rule 8 allegations.

First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  [See Iqbal, 129 S. Ct. at 1949-50].  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief" [in light of the definition of "plausibility"

_____

[1]  The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

> provided in Iqbal.]  In other words, a complaint must do more than allege
> the plaintiff's entitlement to relief.  A complaint has to "show" such an
> entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the
> Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not
> permit the court to infer more than the mere possibility of misconduct, the
> complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled
> to relief.'"  Iqbal, [129 S. Ct. at 1949-50 (emphasis supplied)].  This
> "plausibility" determination will be "a context-specific task that requires
> the reviewing court to draw on its judicial experience and common sense."
> Id.

Fowler, 578 F.3d at 210-11.   Therefore, Williams' allegations reduced to self-serving

conclusions that his rights were violated, or to generalities, or to recitals of elements of

claims are facially insufficient and should not be repeated in Williams' re-amended

pleading.  Rather, his allegations should be analogous to "the first paragraph of any

newspaper story," in the sense that these allegations should state the "who, what, when,

where, and how" of the specific events at issue.  Accord Institutional Investors Grp. v.

Avava, Inc., 564 F.3d 242, 253 (3d Cir. 2009).

6.      Analogously, Williams' allegations in the re-amended complaint should not name, as

defendants, persons who merely hold supervisory positions.  Absent consent by a state,

the Eleventh Amendment bars federal court suits for money damages against state

officers in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 169 (1985),

and — in addition — supervising officials cannot be held liable for actions of their

subordinates unless the litigant asserts facts showing these supervisors' personal

involvement in the alleged wrongs.  See Iqbal, 129 S. Ct. 1937; Monell v. Department of

Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Durmer v.

O'Carroll, 991 F.2d 64, 69 n.14 (3d Cir. 1993).  With the same token, claims against the

supervisors are subject to dismissal if they are based solely on the respondeat superior

theory.  See Iqbal, 129 S. Ct. at 1948 ("Government officials may not be held liable for

the unconstitutional conduct of their subordinates under a theory of respondeat superior");

Argueta v. United States Immigration & Customs Enforcement, 2011 U.S. App. LEXIS

11983 (3d Cir. June 14, 2011).  Therefore, Williams' allegations against persons holding

supervisory positions can be included in the amended complaint only if William asserts

*facts showing these supervisors' personal involvement* in the wrongs allegedly suffered

by Williams.  While Williams need not prove these facts at the pleading stage, Williams

must assert these facts, and his failure to assert facts showing personal involvement by

certain defendants would result in dismissal of Williams' claims against these defendants.

IT IS THEREFORE on this 1ST  day of December, 2011,

ORDERED that the Clerk shall reopen this matter for the purposes of this Court's

examination of Williams' amended complaint, Docket Entry No. 4, by making a new and

separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Williams' amended complaint, Docket Entry No. 4, is dismissed for non-

compliance with the terms of this Court's prior order, specifically, for failure to assert Williams'

own challenges; and it is further

ORDERED that the Clerk shall administratively terminate this action without filing the

amended complaint or assessing a filing fee; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute

of limitations determinations, and if this matter is reopened pursuant to the terms of this

Memorandum Opinion and Order, Plaintiff's challenges will not be subject to the statute of

7

limitations bar, provided the original complaint was submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Williams may have this matter reopened if, within 45 days of the date of the entry of this Memorandum Opinion and Order, he submits his second amended complaint, *stating the facts of his own challenges against defendants who were personally involved in the wrongs allegedly suffered by Williams*; and it is further

ORDERED that, in the event Williams timely submits his second amended complaint, then the Court will enter an order directing the Clerk to reopen this matter and will screen Williams' challenges on merits; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Williams by regular U.S. mail, together with a blank civil complaint form; and it is finally

ORDERED that the Clerk shall close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED."

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.

December 1, 2011

8